UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL CABRERA MORALES,

    Plaintiff,                            CASE NO.:2:26-CV-323

vs.

AERATION TECHNOLOGY, INC.,
SMS OF SOUTH FLORIDA, INC.
STEPHEN SHEA, AND
MICHAEL SHEA,

    Defendants.
_____/

**COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Manuel Cabrera Morales, sues Defendants, Aeration Technology, Inc., SMS of South Florida, Inc., Stephen Shea, and Michael Shea, as follows:

*Parties, Jurisdiction, and Venue*

1. **Plaintiff, Manuel Cabrera Morales ("Mr. Cabrera")**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. Mr. Cabrera was an employee of the Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

3. Mr. Cabrera was a non-exempt, hourly employee of the Defendants.

4. Mr. Cabrera consents to participate in this lawsuit.

5. **Defendant, Aeration Technology, Inc.**, is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit

1

business in Collier County, Florida, at all times material, where it maintains its principal place of business.

6.      **Defendant, SMS of South Florida, Inc.,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit business in Collier County, Florida, at all times material, where it maintains its principal place of business.

7.      **Defendant, Stephen Shea,** was and is an owner/officer/director/manager of the corporate Defendant during the time relevant to this lawsuit. He ran its day-to-day operations, was responsible for significant operational decisions, and was partially or totally responsible for paying Mr. Cabrera's wages.

8.      **Defendant, Michael Shea,** was also and is an owner/officer/director/manager of the corporate Defendants for the time period relevant to this lawsuit. He also ran their day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Mr. Cabrera's wages.

9.      Defendants were Mr. Cabrera's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

10.     Defendants cooperated/coordinated to manage Mr. Cabrera and his work, to pay Mr. Cabrera for his work, and they collectively manage their workforce, including the hiring and firing of workers, setting work schedules for

2

their workers, providing the tools, materials, and supplies for their workers, and providing work assignments for their workers.

11. This Court has original jurisdiction over Mr. Cabrera's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq*.

12. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Mr. Cabrera worked and was due to be paid in Collier County, and because most if not all of the operational decisions were made in this District.

*Background Allegations*

13. Defendants paid Mr. Cabrera $18/hour as a "Maintenance Technician" while working for Defendants.

14. Defendants paid Mr. Cabrera his wages by check.

15. Mr. Cabrera worked as a "Maintenance Technician" for the Defendants from approximately June 2023 to August 2025.

16. Mr. Cabrera's job duties involved the regular and recurrent maintenance and restoration of turf and golf courses, including the operations of heavy machinery such as excavators, rollers, tractors, and aerators. He was also responsible for utilizing hand tools for equipment upkeep, handling industrial supplies like oils and lubricants, and ensuring the proper functioning of specialized machinery used in the Defendant's aeration and cutting services.

17. To the extent that records exist regarding the exact dates of Mr. Cabrera's employment, Defendants are believed to have such records (or the FLSA required Defendants to make and keep these records).

18. Mr. Cabrera regularly and routinely received delivery orders of industrial equipment and maintenance supplies on behalf of the company, including various types of mechanical parts, tires, oils, gasoline, diesel, fluids, adhesives, and lubricants, as well as other turf aeration, cutting, and restoration materials and supplies that moved through interstate commerce prior to their arrival in Florida.

19. Mr. Cabrera regularly and routinely handled, operated, repaired, cleaned, and used turf maintenance products (including fertilizers, specialized turf chemicals, and adhesives), excavators, rollers, tractors, mowers, and aerators, as well as mechanical hand tools, industrial lubricants, fueling equipment, cleaning supplies, safety gear, and other goods and materials that traveled in interstate commerce prior to their arrival in Florida.

20. Defendants regularly employed two or more employees for the relevant time handled goods or materials that traveled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' restaurant business an enterprise covered by and subject to the requirements imposed by the FLSA.

21. Defendants own and operate a turf and golf course aeration and restoration business that provides specialized maintenance services to various

clients. In doing so, they utilize tractors, mowers, aerators, sprayers, excavators, rollers, heavy machinery, automotive parts, tires, oil, gasoline, diesel, fluids, adhesives, lubricants, specialized turf chemicals, hand tools, and other goods and materials that have moved through interstate commerce and were previously placed in the stream of commerce from outside of the State of Florida before being received in this District to engage in interstate commerce.

22. Defendants communicated with their workers and with others by regularly and routinely using telephones to transmit information through text messages, emails, and the internet, and these transmissions regularly and routinely traveled outside the State of Florida.

23. Defendants engaged in interstate commerce by regularly and routinely ordering, purchasing, and receiving industrial equipment and maintenance products – including heavy machinery parts, tires, specialized turf chemicals, fuels lubricants, and other aeration and restoration materials that traveled in interstate commerce – from vendors and distributors located outside the State of Florida.

24. Defendants regularly and recurrently obtained, solicited, exchanged and sent funds to and from outside of the State of Florida, used telephonic transmissions going outside of the State of Florida to conduct business, and transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in conducting their business.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

25. Defendants engaged in e-commerce across the internet through their use of their website, ATIGolfServices.com, which is hosted by GoDaddy.com, LLC, a foreign web hosting platform, and through their social media, @aera_tech, which they registered through Facebook.com and Instagram.com, foreign social media platforms, which they regularly and routinely used to market their business.

26. Defendants' annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 per year and/or $125,000 for each fiscal quarter during the preceding three years.

### *FLSA Overtime Liability and Damages*

27. Mr. Cabrera regularly and routinely worked over 40 hours in one or more workweeks for Defendants.

28. Defendants did not pay Mr. Cabrera overtime wages calculated at one and a half times his regular hourly rate for all hours worked over 40 hours in a given workweek.

29. Mr. Cabrera suffered damages because Defendants did not pay him all the overtime wages he earned during the time relevant to this lawsuit.

30. Defendants either recklessly failed to investigate whether their failure to pay Mr. Cabrera time and one-half overtime wages for the overtime hours worked during the relevant time violated the FLSA, intentionally misled Mr. Cabrera into believing they were not required to pay overtime wages, and/or devised a scheme that deprived Mr. Cabrera of the overtime pay he earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

31. Mr. Cabrera retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

32. Mr. Cabrera is entitled to recover from the Defendants, jointly and severally, all overtime wages earned but not timely paid, plus an equal amount as liquidated damages, plus all attorney's fees and costs.

33. Any conditions precedent to filing this lawsuit occurred and/or were satisfied by Mr. Cabrera.

**WHEREFORE** Plaintiff, Manuel Cabrera Morales, demands the entry of a judgment in his favor and against Defendants, Aeration Technology, Inc., SMS of South Florida, Inc., Stephen Shea, and Michael Shea, jointly and severally, after trial by jury, and as follows:

   a. That Plaintiff be awarded compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
   b. That Plaintiff be awarded pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
   c. That Plaintiff be awarded reasonable attorney's fees, costs, and expenses pursuant to the FLSA;
   d. That Plaintiff be awarded all other interest allowed by law;
   e. That the Court declare Defendants to have willfully violated the FLSA; and
   f. Award Plaintiff such other and further relief as the Court deems just and proper.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Manuel Cabrera Morales, demands a trial by jury of all issues so triable.

Respectfully submitted this **11th** day of **February 2026**,

>s/*Samuel G. Gonzalez, Esq.*
>Brian H. Pollock, Esq. (174742)
>brian@fairlawattorney.com
>Samuel G. Gonzalez, Esq. (1011323)
>samuel@fairlawattorney.com
>FAIRLAW FIRM
>135 San Lorenzo Avenue. Suite 770
>Coral Gables, Florida 33146
>Tel:   305.230.4884
>*Counsel for Plaintiff*