UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL CABRERA MORALES,

        Plaintiff,                               CASE NO.: 2:26-CV-00323-KCD/NPM

vs.

AERATION TECHNOLOGY, INC.,
SMS OF SOUTH FLORIDA, INC.
STEPHEN SHEA, and
MICHAEL SHEA,

        Defendants.

_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND DISMISS LAWSUIT WITH PREJUDICE

Plaintiff, Manuel Cabrera Morales ("Plaintiff"), and Defendants, Aeration Technology, Inc., SMS of South Florida, Inc., Stephen Shea, and Michael Shea (collectively "Defendants"), by and through their respective undersigned counsel, file this Joint Motion to Approve the Settlement Agreement and Dismiss the Lawsuit with Prejudice.

## PRELIMINARY STATEMENT

Plaintiff filed his Complaint and alleged that each Defendant violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA") by failing to pay him overtime wages for time worked over forty (40) hours in a workweek. Defendants deny those allegations and deny that they owed Plaintiff any compensation. The parties have settled this dispute. The settlement of an FLSA case requires court approval or the approval of the U.S. Department of Labor. Here, there is no

1

pending matter before the Department of Labor; consequently, the parties respectfully seek this Court's approval.

Following negotiations and an exchange of time and pay records, the parties wish to resolve these claims and obtain the Court's approval thereon:

## DISCUSSION

Under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with either the approval of the district court or under the supervision of the U.S. Department of Labor.  The parties request that the Court review and approve their settlement for fairness and dismiss this action with prejudice. The parties further request that the Court condition its dismissal on reserving jurisdiction to enforce their settlement, should such enforcement be necessary.

### A.     Settlement of FLSA Claims

Many of the joint motions for settlement approval filed in the Middle District of Florida involve the plaintiff settling for less than the full value of his or her FLSA claim. This compromise compels the Court to review the parties' settlement under *Lynn Foods*.  However, not all FLSA settlements require such scrutiny. Because the Parties agreed on a resolution of Plaintiff's FLSA overtime wage claim that involved no compromise of his claim, and since the attorney's fees were separately negotiated, there is no dilution of Plaintiff's recovery under the FLSA. "[O]nce the parties have agreed that Plaintiff will receive every penny [he

is] entitled to under FLSA and that compensation will not be diluted by attorneys['] fees or costs or other such provisions, the Court's review responsibilities under *Lynn's Food* are done." *Jimenez v. Sixt Rent a Car, LLC*, 2022 WL 17416778, at *2 (M.D. Fla. Aug. 4, 2022), *report and recommendation adopted*, 2022 WL 17416780 (M.D. Fla. Aug. 29, 2022); *Saunders v. Amplus Air Conditioning Contractor, Inc.*, 2020 WL 13615159, at *1 (S.D. Fla. July 1, 2020) (citing *Mackenzie v. Kindred Hosps. East, LLC*, 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003)) ("Since the plaintiff has been offered full compensation on his claim, this case does not involve a compromise.").

As the Court previously recognized in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009):

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

The Parties stipulate they had a bona fide dispute and are resolving the matter to avoid the cost and time of litigating the issues, as well as the risks associated with continued litigation. The Parties respectfully submit that the settlement is reasonable pursuant to *Lynn's Foods.*

3

**B.      Settlement Of This FLSA Case**

Plaintiff seeks damages for unpaid overtime, compensatory and liquidated damages, along with costs and attorneys' fees. (DE 1). Defendants deny Plaintiff's allegations and contend that Plaintiff was properly paid all wages owed to him. The parties have now agreed to settle these disputes and represent that the terms set forth in the Settlement Agreement (attached as **Exhibit 1**) are a good-faith resolution of the contested issues that **fully compensate** Plaintiff for the alleged overtime wages and liquidated damages claimed and/or that could be owed to him.

The parties in this case exchanged the time and pay records for the Plaintiff, analyzed them, and agreed upon a resolution based on those records that will result in the Plaintiff receiving a total of $6,210.00, which includes $3,105.00 in satisfaction of the overtime wages and another $3,105.00 in satisfaction of the liquidated damages he could have recovered if this matter proceeded to verdict.

This Settlement Agreement will benefit the parties, especially considering the uncertainty regarding Plaintiff's claims and Defendants' defenses. The resolution of those issues would dramatically affect any award in this case and the parties have decided that it is in their best interests to resolve this matter pursuant to the terms of the Settlement Agreement. The settlement is the product of many discussions between counsel and negotiations between the parties. It is not the product of fraud, but rather reflects an arms-length negotiation of a difficult dispute

The settlement reflects an outcome that guarantees a significant recovery,

which must be considered against the risk that he could have recovered nothing. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all"). The Parties submit that the settlement is reasonable.

## C.    Attorneys' Fees

The Settlement Agreement also includes $7,790.00 for Plaintiff's reasonable attorneys' fees ($7,029.00) and costs ($ 761.00). The attorney's fees to be paid to Plaintiff's counsel were negotiated separately and without any impact on the wages (and liquidated damages) to be paid to the Plaintiff, who is or will be receiving all overtime wages and liquidated damages, without compromise, based on the time and pay records (about which there is no dispute of accuracy). The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). The resolution of Plaintiff's claims under Florida common law provides for recovery of attorney's fees at Fla. Stat. 448.08 but does not require the Court's approval.

The parties further represent that the amount to be paid for Plaintiff's attorney's fees through the settlement reflects a compromise, as a reduction in the fees actually incurred by Plaintiff, such that the fees to be paid are fair and reasonable. Courts have held it unnecessary to inquire into the reasonableness of a plaintiff's attorneys' fees

where, as here, both sides stipulated to the reasonableness of the fees, where the Plaintiff receives a full and complete recovery, and it is readily apparent that the fees and costs did not diminish the plaintiff's recovery. *See Bonetti v. Embarq Management Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. Aug. 4, 2009).

## CONCLUSION

The terms of the Settlement Agreement are contingent upon a finding by the Court that it approves the settlement as a fair and reasonable resolution of this action. *Lynn's Food*, 679 F.2d at 1355. Accordingly, the parties respectfully request that the Court make such a determination with respect to the terms set forth in the Settlement Agreement and enter an order granting this Motion conditioned on the Court retaining jurisdiction to enforce the terms of the parties' Settlement Agreement. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1280 (11th Cir. 2012).

Respectfully submitted this 9th day of April 2026.

| | |
|---|---|
| s/ Patrick Brooks LaRou | s/Len T. Hackett |
| Brian H. Pollock, Esq. (174742) | Len T. Hackett, Esq. (420107) |
| brian@fairlawattorney.com | lhackett@florida-law.com |
| FAIRLAW FIRM | VERNIS & BOWLING OF NORTH |
| 135 San Lorenzo Avenue, Suite 770 | FLORIDA, PA |
| Coral Gables, Florida 33146 | 4309 Salisbury Road |
| Telephone: (305) 230-4884 | Jacksonville, FL 32216 |
| *Counsel for Plaintiff* | Telephone: (904) 296-6751 |
| | *Counsel for Defendants* |