UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MANUEL CABRERA MORALES;

      Plaintiff,

    v.

                                 Case No. 2:26-cv-323-KCD

AERATION TECHNOLOGY, INC.,
SMS OF SOUTH FLORIDA, INC.
STEPHEN SHEA, AND MICHAEL
SHEA,

      Defendants.

_____/

## ORDER

Before the Court is the parties' Joint Motion to Approve Settlement Agreement. (Doc. 18.) For the reasons below, their motion is granted.

Plaintiff Manuel Cabrera Morales previously worked for Defendants as a maintenance technician. He now sues under the Fair Labor Standards Act. Plaintiff claims that Defendants did not pay him overtime as required. The complaint seeks unpaid wages plus liquidated damages and attorneys' fees under the FLSA. (*See* Doc. 1.)

Defendants deny they violated the FLSA. They also raise several affirmative defenses that would otherwise limit (or preclude) Plaintiff's claims. (Doc. 18 at 4.)

Case 2:26-cv-00323-KCD-NPM    Document 19    Filed 06/02/26    Page 2 of 5 PageID 75

The parties now move the Court to approve their settlement. They explain that several issues were disputed, litigating the case would be expensive and time consuming, and a bona fide dispute existed that led both sides to conciliation. Thus, according to the parties, the settlement is a reasonable and fair compromise. (*Id.*)

The FLSA establishes minimum wages and maximum hours "to protect certain groups of the population from substandard wages and excessive hours which endanger[ ] the national health and well-being and the free flow of goods in interstate commerce." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). If an FLSA violation is shown, the employer must generally pay the damaged employee unpaid wages, an equal amount as liquidated damages, and attorney's fees and costs. *See* 29 U.S.C. § 216(b).

Following the Eleventh Circuit's decision in *Lynn's Food Stores Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), courts in this district have taken the view that "suits to recover back wages under the FLSA may be settled only with the approval of the district court." *Flood v. First Fam. Ins., Inc.*, 514 F. Supp. 3d 1384, 1386 (M.D. Fla. 2021). The facts in *Lynn's Food* were unique, and it's not clear that the holding was meant to sweep so broadly. *See, e.g.*, *Slaughter v. Sykes Enterprises, Inc.*, No. 17-CV-02038-KLM, 2019 WL 529512, at *3 (D. Colo. Feb. 11, 2019). But regardless of how *Lynn's Food* should be viewed, neither party is questioning its applicability here. Accordingly, the

2

Court will go forward under the assumption that it must approve the settlement.

Under *Lynn's Food* and its progeny, the parties to an FLSA settlement must present their agreement for a fairness evaluation. If the agreement reflects a fair and reasonable compromise of their dispute, the court may approve it. *See, e.g., Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307-08 (11th Cir. 2013). There is no standard test or benchmark to measure a settlement's fairness. Courts instead look to a variety of factors, including (1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings and the discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Leverso v. SouthTrust Bank of AL., Nat. Assoc.*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994). Courts weigh these factors against a background presumption that the parties reached a fair agreement. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Based on the parties' representations and a review of the record (Doc. 1, Doc. 18), the proposed settlement appears to be a fair and reasonable compromise of a disputed claim. Plaintiff was represented by experienced counsel who had sufficient time and information to evaluate the potential risks and benefits of settlement. Plaintiff also attests that he entered into the

agreement knowingly and voluntarily. While denying liability, and raising the specter of several defenses, Derendants have agreed to pay a significant sum to settle the outstanding claims.

There is no stated or apparent collusion. Without a settlement, the parties would need to continue discovery, possibly engage in dispositive motion practice, and proceed to trial, and Plaintiff would risk receiving nothing. The parties and their counsel believe this is a reasonable settlement.

By all accounts, this was an arms-length settlement negotiated between represented parties who had full knowledge of the stakes and agreement. Against this backdrop, the Court is without reason to reject the settlement. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009) ("If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable."). Accordingly, it is now **ORDERED**:

1.    The Joint Motion to Approve Settlement Agreement (Doc. 18)  is **GRANTED**;

2. The case is **DISMISSED WITH PREJUDICE** as per the parties' agreement; and

3. The Clerk is directed to close the case.

4

**ENTERED** in Fort Myers, Florida on June 2, 2026.

Kyle C. Dudek
United States District Judge